**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

| | |
|---|---|
| In Re Application Of<br><br>Rafaella Gouveia, as Executor of<br>The Estate of Danielly Gouveia.<br><br>                    Applicant<br><br>pursuant to 28 U.S.C. § 1782<br>For Judicial Assistance in Obtaining<br>Evidence For Use in a Foreign Proceeding. | |

**THE ESTATE OF DANIELLY GOUVEIA, APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

Rafaella Gouveia, as Executor of the Estate of Danielly Gouveia Guedes Loureiro ("Applicant" or "Estate") respectfully submits this Application for Judicial Assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary and testimonial evidence for use in a foreign proceeding ("Application"). In support thereof, Applicant states as follows:

**INTRODUCTION**

1. The facts relevant to this Application are set forth below and in the Declaration of Andre Luiz Marcassa Filho, Brazilian legal counsel to the Executor of the Estate of Danielly Gouveia ("Declaration"), attached as **Exhibit 1**. The facts stated in the Declaration are incorporated herein by reference.

2. Applicant seeks assistance from the United States District Court for the Southern District of Florida to obtain documentary and testimonial evidence from several entities that are found in this District, as described below. The evidence is for use in a pending proceeding before

the Brazil Succession Court,[1] which is conducting an inventory and appraisal of the assets belonging to the Estate of Carlos Alberto de Olivera Andrade, with the goal of achieving proper distribution of the inheritance assets pursuant to Brazilian succession law ("Foreign Proceeding").

3. As daughter of Carlos Alberto de Oliveira Andrade ("Carlos Alberto"), Danielly Gouveia Guedes was entitled by law to a portion of Carlos Alberto's assets upon his death on August 14th, 2021. Pursuant to Brazilian law, Danielly's entitlement to receive a share of the assets from Carlos Alberto's estate is hereinafter referred to as Danielly's "Inheritance Right."

4. However, due to complex family dynamics, Carlos Alberto sought to extricate Danielly from receiving any meaningful share of his assets after his death. He sought to do so first through limiting or restrictive clauses in his will, and as learned later on, by facilitating or ordering the transfers of property and/or interests in his business empire known as CAOA Group such that there would be little to no assets to distribute to Danielly pursuant to the will.

5. Upon realizing the extent of the dissipation of her inheritance share, on September 8, 2021, Danielly commenced the Foreign Proceeding to judicially request her portion of the assets of Carlos Alberto's Estate. After Danielly passed away on December 18, 2022, Judge Sérgio Moura Martins, of the Probate Court of João Pessoa, the Capital of the State of Paraíba, Brazil, appointed Danielly's daughter, Rafaella, as executor of Danielly's estate, and Danielly's Inheritance Claim became part of Danielly's estate. As executor of Danielly's estate, Rafaella is continuing efforts relating to the Inheritance Right.

6. Based on documentary evidence found by the Applicant's investigation, the Estate has reason to believe that before his passing, Carlos Alberto—either acting alone or with the help of his wife and/or children ("Heirs")—purposely divested his estate of assets with the intent to

---

[1] All capitalized terms not defined herein shall have the same meaning ascribed to them in the Declaration attached as Exhibit A.

deprive Danielly of her legitimate Inheritance Right. The Estate has reason to believe that Carlos Alberto and/or his Heirs accomplished the diversion of assets by orchestrating, directing, and/or engaging in transactions to restructure and transfer assets to other Heir-owned and managed CAOA Group entities or Heir-owned third parties, for the purpose of ensuring no assets would remain in his estate for distribution to Danielly ("Asset Diversion Scheme").

7.    Because information evidencing or supporting such transactions is not readily ascertainable from publicly available information, and will certainly not be produced by Carlos Alberto's widow and children, the Estate requires assistance from this Court to obtain documents and testimony from various entities located or found in this District, which, upon information and belief, either hold or have information regarding this transactions.

8.    Accordingly, Applicant requires assistance from this Court to obtain information and documents from the following "Discovery Targets," which appear to have additional information and documents in their possession, custody, or control regarding the misappropriated inheritance assets, including, but not limited to real property, interest in and assets held throughout several offshore companies:

    a. 2601 Collins Ave Corp., a Florida Corporation incorporated on or about August 11, 2011, and which has listed as its Registered Agent Choi & Menezes, c/o Sidney de Menezes, Esq., 1925 Brickell Avenue, Ste. D-205, Miami, FL 33129.

    b. Black Badge, Corp., a Florida Corporation incorporated on or about December 20, 2018 and which has listed as its Registered Agent Choi & Menezes, c/o Sidney de Menezes, Esq., 1925 Brickell Avenue, Ste. D-205, Miami, FL 33129.

   c. Axxion Group 21, LLC, a Florida Limited Liability Company organized on or about August 23, 2017 and voluntarily dissolved on or about April 24, 2023, which prior to dissolution had listed as its Registered Agent VDT Corporate Services LLC, 150 SE 2nd Avenue, Ste. 905, Miami, FL 33131.

   d. Choi & Menezes LLP, a law firm which, in addition to being the Registered Agent of the previously listed Discovery Targets, is believed to have been Carlos Alberto's and/or the CAOA Group's point person in Florida for real estate, business and tax planning matters since at least 2011, and is headquartered at 1925 Brickell Avenue, Ste. D-205, Miami, FL 33129.

9. There is ample evidence, described fully in Declaration, that the Discovery Targets have relevant and probative information regarding the misappropriated inheritance assets. The evidence in the form of testimony and documents sought through this Application are for use in the Foreign Proceeding and is necessary to ascertain the extent to which Danielly's Inheritance Right has been affected by such transactions and to support a proper valuation of the entirety of the assets within Carlos Alberto's estate which are subject to distribution between the heirs.

10. Should the Court grant the Application, Applicant proposes to serve subpoenas substantially in the form as those attached hereto as **Composite Exhibit 2** on the Discovery Targets.

11. As demonstrated below, Applicant meets the statutory requirements under 28 U.S.C. § 1782, and the discretionary factors weigh in favor of granting the relied requests in this Application.

## ARGUMENT

**I.** **Standard for Granting Relief**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248. The statute reads, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made…upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court…. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2022).

Courts have distilled § 1782's language into a two-part inquiry: (1) whether a district court is *authorized* to grant relief and (2) whether it *should* grant relief in its broad discretion. A district court is authorized to grant relief upon satisfaction of the following statutory requirements: (1) the person from whom discovery is sought resides or is found in the district in which the application is filed; (2) the request seeks evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the request is made "by a foreign or international tribunal," or by "any interested person;" and (4) the evidence is "for use in a proceeding in a foreign or international tribunal."[2] 28 U.S.C. § 1782(a); see also In re Clerici, 481 F.3d 1324 (11th Cir. 2007).

---

[2] District courts may, and indeed typically do, grant § 1782 relief on an *ex parte* basis. See In re Clerici, 481 F.3d 1324 (11th Cir. 2007) (affirming denial of motion to vacate order granting *ex parte* § 1782 application); In re Eurasian Bank Joint Stock Co., No. 3:15-mc-106-L-BN, 2015 WL

Once a court determines that the application satisfies § 1782's statutory requirements, it may exercise its discretion to grant the relief sought. The court's discretion is guided by the discretionary factors recited by the Supreme Court in Intel:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

Intel, 542 U.S. at 264-65. The court's discretion is further informed by the twin Congressional aims of § 1782, "which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." In re Pimenta, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013) (citing Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24 (2d Cir. 1998)).

---

6438256, *2 (N.D. Tex. October 21, 2015) ("the Court notes that *ex parte* filing of an application for discovery under 28 U.S.C. § 1782 is permissible."); Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing, *inter alia*, Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 78 (2d Cir. 2012) and In re Edelman, 295 F.3d 171, 173-75 (2d Cir. 2002)).

As demonstrated below, the Application satisfies § 1782's the statutory requirements and discretionary factors and, therefore, this Court should grant the relief sought in the Application.

## II. The Application Meets the Statutory Requirements for Granting Relief.

### A. The Discovery Target Resides or is Found in This District.

The first statutory requirement is satisfied because each of the Discovery Targets "resides or is found in" the Southern District of Florida. Both 2601 Collins Ave Corp. and Black Badge, Corp. are Florida corporations and have their principal, mailing, and registered agent addresses at 1925 Brickell Ave, Ste. D205, Miami, FL 33129. Ex. 1 at ¶ 10. Axxion Group 21, LLC is a Florida Limited Liability Company that prior to dissolution had its principal, mailing, and registered agent address at 150 SE 2nd Avenue, Ste. 905, Miami, FL 33131. Id. Furthermore, 2601 Collins Ave, Corp.'s, Black Badge, Corp.'s, and Axxion Group 21, LLC's presence in this District may be categorized as systematic and continuous.[3]

Similarly, Choi and Menezes LLP is a Florida Limited Liability Partnership with its principal, mailing, and registered agent addresses within this District at 1925 Brickell Ave, Ste. D205, Miami, FL 33129. Id.

### B. The Discovery Sought is for Use in a Proceeding in a Foreign Tribunal.

Section 1782 expressly provides that evidence collected may be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The applicant satisfies this requirement as the discovery sought through the instant Application is for use in the Foreign Proceeding. See Ex. 1 at ¶¶ 5, 34-35, 42. As discussed in the Applicant's Declaration, Applicant seeks documents

---

[3] Professor Hans Smit, drafter of § 1782, has commented: "Insofar as the term ["found"] applies to legal rather than natural persons, it may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence." Hans Smit, American Assistance to Litigation in Foreign and Int'l Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1, 10 (Spring 1998); see also In re Godfrey, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (applying same rationale).

from the Discovery Targets to obtain testimonial and documentary evidence relating to Carlos Alberto's and/or the other heirs' intentions and efforts to deny Danielly of her legitimate right to her inheritance share of Carlos Alberto's estate by transferring or selling assets that would have otherwise been in Carlos Alberto's estate. Id. at ¶¶ 35-36.

As such, the Foreign Proceeding satisfies the second mandatory requirement of § 1782(a).

### **Applicant is an Interested Person.**

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance… qualifies as an interested person within any fair construction of that term." Intel, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted). "The legislative history to § 1782 makes plain that 'interested person' includes a party to the foreign litigation." See Lancaster Factoring Co. Ltd. v. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) (internal citations omitted). Here, Applicant is an "interested person" in its capacity as claimaint in the Foreign Proceeding. See Ex. 1 ¶ 42. Therefore, Applicant meets the third statutory requirement under 28 U.S.C. § 1782(a).

### **III.    This Court Should Exercise its Discretion in Favor of Granting Relief.**

As noted above, once the Court determines that an application meets § 1782's mandatory requirements for relief, the Court is free to exercise its discretion to allow the discovery sought. Here, this Court should exercise its discretion in favor of granting relief because all of the Intel factors have been satisfied.

First, the Discovery Targets are not parties to the Foreign Proceeding and they are not contemplated to become parties thereto. See Ex. 1 ¶ 38. Accordingly, this factor weighs in favor of granting the Application.

Second, counsel retained in the Foreign Proceeding has advised that there is no indication that the Brazilian Succession Court would not be receptive to the documentary and testimonial evidence sought through the instant Application. See Ex. 1 ¶ 39; see also In re Eurasian Bank Joint Stock Co., No. 3:15-mc-106-L-BN, 2015 WL 6438256, *3 (N.D. Tex. October 21, 2015) ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, which Eurasian's local counsel has represented to the Court that he has been

unable to find, the Court determines that the second factor does not weigh against an exercise of discretion in Eurasian's favor.").

Third, counsel retained in the Foreign Proceeding has advised that the evidence sought through the instant Application would likely be admissible in the Foreign Proceeding and does not otherwise circumvent any proof-gathering restrictions in Brazil. See Ex. 1 ¶ 40.

Finally, this Application is not unduly intrusive or burdensome as Applicant proposes to serve the Discovery Targets with the sample subpoenas attached as **Composite Exhibit 2** for this Court's review. Moreover, Applicant seeks the type of evidence produced in the normal course of litigation.

As such, each of the Intel factors weighs in favor of this Court exercising its discretion to grant the Application.

WHEREFORE, Applicant respectfully request this Court enter an Order, in the proposed, or substantially similar, form attached hereto as **Exhibit 3**:

(a) exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Application for judicial assistance;

(b) granting Applicant leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoena, in substantially the same form as the sample subpoena attached as Composite Exhibit 2 to this Application;

(c) reserving jurisdiction to grant Applicant leave to serve follow-up subpoenas on any other person or entity as may be necessary to obtain the evidence described in the Application; and

(d) granting any other relief this Court deems just and proper.

Dated: October 27, 2023.                    Respectfully submitted,

                                                                        SEQUOR LAW, P.A.
                                                                        1111 Brickell Avenue,
                                                                        Suite 1250
                                                                        Miami, Florida 33131
                                                                        Telephone: 305-372-8282
                                                                        Facsimile: 305-372-8202

                                            By:     /s/ *Leyza F. Blanco*
                                                                   Leyza F. Blanco
                                                                  Florida Bar No. 104639
                                                                  lblanco@sequorlaw.com
                                                                  Maria J. Gonzalez
                                                                  Florida Bar No. 1024946
                                                                 mgonzalez@sequorlaw.com
                                                                  *Counsel for Applicant,*
                                                                  *Rafaella Gouveia, as Executor of the Estate*
                                                                  *of Danielly Gouveia*

-11-